**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JORDAN BULLOCK, Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1272** |
| **UNITED SITE SERVICES OF MISSISSIPPI, LLC, ET AL., Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is Plaintiff Jordan Bullock's Motion to Remand.[1] Defendant Christopher Brady filed an opposition.[2] The parties requested leave to perform jurisdictional discovery, which the Court granted.[3] Thereafter, both parties filed supplemental memoranda.[4]

## BACKGROUND

On April 23, 2026, Plaintiff filed a petition in the Civil District Court for the Parish of Orleans.[5] In his petition, Plaintiff alleges that on August 28, 2024 he was in an automobile accident with Defendant Brady.[6] Plaintiff seeks to recover damages from Brady for his allegedly negligent driving and originally also sought to recover damages from Brady's employer, United Site Services of Louisiana, Inc.[7] The state court petition asserted that Plaintiff was a citizen of Louisiana and that Defendant Brady was a citizen of Texas, but it did not allege the citizenship of Defendant United Site Services of

[1] R. Doc. 8.
[2] R. Doc. 10.
[3] R. Doc. 14.
[4] R. Docs. 16 and 19.
[5] *See* R. Doc. 1-1.
[6] *See id.* at pp. 1-2.
[7] *Id.* at pp. 2-3. As will be explained below, Plaintiff later dropped his claim against United Site Services of Louisiana, Inc. and filed an Amended Complaint substituting United Site Services of Mississippi, LLC as the proper defendant. *See* R. Docs. 15 and 20.

Louisiana, Inc.[8] In the state court petition, Plaintiff asserts he "seeks total damages in excess of $75,000."[9]

On June 14, 2026, Defendant Brady removed the action to this Court.[10] In his Notice of Removal, Brady asserted that federal subject matter jurisdiction was proper under 28 U.S.C. § 1332, which grants district courts jurisdiction of all civil actions when both the amount in controversy exceeds $75,000 and the controversy is between citizens of different states.[11] Defendant Brady asserted the amount in controversy was met because the petition seeks "total damages in excess of $75,000."[12] Defendant Brady further asserted that complete diversity existed between the parties. Plaintiff in this action is a citizen of Louisiana; Brady asserts that complete diversity exists because he is a resident of Texas and because defendant United Site Services of Louisiana, Inc. was improperly joined and cannot destroy complete diversity.[13] In support of his improper joinder argument, Defendant Brady averred that his employer is United Site Services of Mississippi, LLC—not United Site Services of Louisiana, Inc.—and attached a 2024 paystub from United Site Services of Mississippi, LLC to attest to the employment relationship at the time of the incident.[14] Defendant Brady argued that because Plaintiff would be unable to establish a cause of action against United Site Services of Louisiana, Inc., the defendant was improperly joined to the action and its citizenship may be ignored for purposes of diversity jurisdiction.[15]

---

[8] *Id.* at p. 1.
[9] *Id.* at p. 3.
[10] R. Doc. 1.
[11] *Id.* at p. 1.
[12] *Id.* at p. 4.
[13] *See id.* at pp. 2-4.
[14] *See* R. Doc. 1-1 at p. 5.
[15] R. Doc. 1 at p. 3.

On June 23, 2026, the Court held a telephone status conference with the parties to discuss the improper joinder issue.[16] On July 13, 2026, Plaintiff timely filed the present motion to remand.[17] In the Motion, the Plaintiff disputes the improper joinder claim and also raises question as to the citizenship of Defendant Brady.[18] Pointing to the 2024 paystub from United Site Services of Mississippi, LLC, Plaintiff notes that it lists Defendant Brady as having a Louisiana address—as opposed to the Texas address at which Defendant Brady was served in 2026.[19] If Defendant Brady were indeed a citizen of Louisiana, this would defeat complete diversity between him and Plaintiff. Defendant Brady thereafter filed into the record a declaration establishing his employment relationship with United Site Services of Mississippi, LLC.[20] On August 4, 2026 Brady filed an opposition in which he requested time to perform jurisdictional discovery.[21]

On August 19, 2026, the Court held another telephone status conference.[22] At the conference, Plaintiff's counsel acknowledged that Defendant Brady's employer was United Site Services of Mississippi, LLC.[23] However, Plaintiff's counsel was not satisfied as to Defendant Brady's citizenship, and consequently the Court granted the parties leave to perform jurisdictional discovery.[24] On September 18, 2026, Plaintiff filed an Amended Complaint dismissing claims against United Site Services of Louisiana, Inc. and substituting United Site Services of Mississippi, LLC as the proper defendant.[25]

---

[16] R. Doc. 6.
[17] R. Doc. 8.
[18] *See* R. Doc. 8-1 at pp. 1-3.
[19] *See id.*; R. Doc. 1-1 at p. 5.
[20] R. Doc. 11-2.
[21] R. Doc. 10 at p. 5.
[22] R. Doc. 14.
[23] *See id.*
[24] *Id.*
[25] R. Doc. 15.

The jurisdictional discovery period failed to produce new evidence. Counsel for both parties scheduled Defendant Brady for a deposition on the morning of September 18, 2026, the same day the Court had set as a deadline to file supplemental memoranda.[26] Defendant Brady did not show up to the deposition.[27] Plaintiff filed his supplemental memorandum that afternoon, and Defendant filed his supplemental memorandum on September 25, 2026.[28] The Court now analyzes the diversity issue based on the evidence presented in the Notice of Removal.

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[29] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil matters in which the plaintiffs are citizens of different states from the defendants and the amount in controversy exceeds $75,000.[30] Only if these requirements are met may a defendant remove the action to federal court.[31] The removing party bears the burden of showing subject-matter jurisdiction exists and removal is proper.[32]

If a non-diverse defendant has been "improperly joined," a defendant may nonetheless remove the action, and the improperly joined defendant's citizenship is disregarded for purposes of determining whether the federal court has diversity jurisdiction.[33] In cases removed based on diversity jurisdiction and improper joinder, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts,

[26] R. Doc. 16 at p. 1.
[27] *Id.*
[28] R. Docs. 16 and 19.
[29] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[30] 28 U.S.C. § 1332(a).
[31] *See* 28 U.S.C. § 1441(a).
[32] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[33] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (*en banc*).

or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[34] "In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[35] "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[36]

"Diversity jurisdiction rests on the facts that exist at the time of removal[.]"[37] ""[W]hen removal is challenged on a motion to remand, the removing defendant must prove by a preponderance of the evidence that jurisdiction existed at the time of removal."[38] "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."[39] "A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[40]

## LAW AND ANALYSIS

### I. United Site Services of Louisiana, Inc. was improperly joined.

Defendant submitted a declaration stating that United Site Services of Louisiana, Inc. was not the employer of Defendant Brady.[41] Based on this declaration, Plaintiff's counsel acknowledged that Defendant Brady's employer was not United Site Services of

---

[34] *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).
[35] *Id.* (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[36] *Smallwood*, 385 F.3d at 573.
[37] *Jones v. Schuler*, No. 2:26-CV-00081, 2026 WL 2691474 (W.D. La. Sept. 14, 2026) (quoting *Badeaux v. Goodell*, 358 F. Supp. 3d 562, 570 (E.D. La. 2019)).
[38] *Rey v. LCMC Healthcare Partners, LLC*, No. CV 21-1188, 2021 WL 3674358 at *3 (E.D. La. Aug. 19, 2021) (citing *Stockton v. Allstate Fire & Cas. Ins. Co.*, 2020 WL 7264810, at *3 (W.D. Tex. Dec. 10, 2020)).
[39] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).
[40] *Id.* (citing *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003)).
[41] R. Doc. 11-2.

Louisiana, Inc.[42] Further, Plaintiff filed an Amended Complaint dismissing his claims against United Site Services of Louisiana, Inc. and substituting United Site Services of Mississippi, LLC as the proper defendant.[43] Accordingly, Plaintiff will be unable "to establish a cause of action against the non-diverse party in state court."[44] The Court finds that United Site Services of Louisiana, Inc. was improperly joined and can be ignored for purposes of determining diversity jurisdiction. The Court has dismissed Plaintiff's claims against United Site Services of Louisiana, Inc.[45]

## II. There is complete diversity between the parties because Defendant Brady was a citizen of Texas at the time of filing in state court and at the time of removal.

As Plaintiff is a citizen of Louisiana—and because the proper employer co-defendant is a citizen of Mississippi—the question of this Court's jurisdiction turns on the citizenship of Defendant Brady.

Plaintiff's state court petition, filed on April 23, 2026, alleges that Defendant Brady was domiciled in the State of Texas.[46] The petition requested Defendant Brady be served at a Texas address.[47] Defendant Brady was successfully served at this Texas address on May 15, 2026.[48]

In his notice of removal, Defendant Brady attached a paystub dated September 6, 2024, nearly two years prior to the filing of the state court petition.[49] This paystub reflects a Louisiana address.[50]

---

[42] *See* R. Doc. 14 at p. 1.
[43] R. Doc. 15.
[44] *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).
[45] R. Doc. 20.
[46] R. Doc. 1-1 at p. 1.
[47] *Id.* at p. 4.
[48] *See* R. Doc. 7-1 at pp. 11-13.
[49] R. Doc. 1-1 at p. 5.
[50] *See id.*

Plaintiff argues that, under these facts, Defendant has not met his burden to establish subject matter jurisdiction.[51] Plaintiffs note that any doubt concerning the basis of jurisdiction should be resolved in favor of remand.[52] Defense counsel counters that Defendant Brady's last known address is the Texas address at which he was served in May of 2026.[53]

Defendant Brady must prove by a preponderance of the evidence that he was a citizen of Texas at the time of removal.[54] The Court finds that he has done so. Plaintiff alleged in his state court petition that Defendant Brady was domiciled in Texas,[55] and the fact that Brady was successfully served at his Texas address merits higher credence than the fact that he may have held a Louisiana address two years prior. There is complete diversity among the parties, and so Defendant Brady has met his burden to establish this Court's subject matter jurisdiction.

Accordingly,

**CONCLUSION**

**IT IS ORDERED** that the Motion to Remand is **DENIED**.

**New Orleans, Louisiana, this 15th day of October, 2026.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

[51] R. Doc. 16 at p. 2.
[52] *See id.* (citing *Ragas v. Anco Insulations, Inc.*, 705 F. Supp. 3d 604, 609 (E.D. La. 2023) (citing Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000)).
[53] R. Doc. 19 at p. 1.
[54] *See Rey v. LCMC Healthcare Partners, LLC*, No. CV 21-1188, 2021 WL 3674358 at *3 (E.D. La. Aug. 19, 2021) (citing *Stockton v. Allstate Fire & Cas. Ins. Co.*, 2020 WL 7264810, at *3 (W.D. Tex. Dec. 10, 2020)).
[55] R. Doc. 1-1 at p. 1.